UNITED STATES of America, Plaintiff,

v.

Phillip Windsor GODFREY, Defendant.

No. 4-72-Cr. 170.

United States District Court,
D. Minnesota,
Fourth Division.

Aug. 10, 1972.

ton Parking Authority, 365 U.S. 715, 81 S.Ct. 856, 6 L.Ed.2d 45 (1961).

Joseph T. Walbran, Asst. U. S. Atty., Minneapolis, Minn., for plaintiff.

Brian L. Solem, St. Paul, Minn., for defendant.

## MEMORANDUM DECISION AND FINDING OF NOT GUILTY

LARSON, District Judge.

Defendant was indicted on April 13, 1972, for failing to comply with an order of his local selective service board to report for and submit to induction into the Armed Forces, in violation of the Military Selective Service Act of 1967, 50 App.U.S.C. § 462. The matter was tried to the Court on June 6, 1972.

Defendant originally registered with the Selective Service System in December 1969. In January 1970 he submitted to his local board an application for classification as a conscientious objector. Following an interview with the local board on May 21, 1970, at which time defendant's conscientious objector application was discussed, the board rejected the application and classified defendant I–A. The local board did not set forth a statement of reasons for its rejection of defendant's application and defendant did not appeal from his I–A classification.

Defendant was subsequently classified I–Y for a period of approximately one year, but, on August 17, 1971, was reclassified I–A. Again defendant took no appeal from his I–A classification.

Defendant was thereafter ordered to report for induction on December 8, 1971. On the specified date defendant failed to report as ordered. It was this failure which brought about the instant prosecution.

Following trial defendant made a motion for judgment of acquittal. In support of this motion he has raised various arguments. Since the Court has determined that one of these arguments is meritorious and does require a judgment of acquittal, only that argument will now be discussed.

Defendant's argument concerns the failure of the local board to set forth a statement of reasons for its denial of his request to be classified as a conscientious objector. In this regard, the Eighth Circuit Court of Appeals has recently held, in a case involving a prosecution for failure to submit to induction, that where the defendant had first established a prima facie case for a conscientious objector classification, the local board's failure to set forth a statement

of reasons for its denial of that classification constituted a fatal procedural error and required the Court to grant a judgment of acquittal. United States v. Hanson, 460 F.2d 337 (8th Cir. 1972).

In the instant case the Government does not dispute the fact that the defendant established a prima facie case for a conscientious objector classification; nor does it dispute the fact that the local board failed to set forth a statement of reasons for its denial of that classification. These factors being present, it would seem that the instant case falls squarely within the purview of the rule established in *Hanson*. The Government, however, does not concede so easily. It argues that regardless of these factors the defendant should not be allowed to avail himself of the rule established in *Hanson* because the defendant failed to exhaust his administrative remedies. The Government relies upon the decision of the United States Supreme Court in McGee v. United States, 402 U.S. 479, 91 S.Ct. 1565, 29 L.Ed.2d 47 (1971).

In *McGee* the Supreme Court held that a defendant who had failed to exhaust his administrative remedies was precluded from raising as a defense to a criminal prosecution for failing to submit to induction, the claim that he had been erroneously classified I–A and should have been classified as a conscientious objector. The Court reasoned that the governmental interest in having the Selective Service System develop a factual record, exercise its discretion and apply its expertise via the appeal process was compelling enough in such a situation to justify the forfeiting of judicial review. In *McGee,* however, the Court was not faced with the argument presented by the defendant in the instant case. This argument (*i. e.,* that a local board's failure to set forth a statement of reasons for its denial of a registrant's request to be classified as a conscientious objector constitutes a denial of due process) has only recently been presented to the Supreme Court, and the

Supreme Court has indicated that it is a valid argument and that such a failure to set forth a statement of reasons will constitute a defense to a criminal prosecution for failing to submit to induction. See Joseph v. United States, 405 U.S. 1006, 92 S.Ct. 1274, 31 L.Ed.2d 473 (1972); Fein v. Selective Service System, 405 U.S. 365, 92 S.Ct. 1062, 31 L. Ed.2d 298 (1972).

In light of these recent developments, the decision in the instant case should be made only after the rationale which underlies the exhaustion doctrine has been examined and compared with the rationale which underlies the rule that requires a local board to set forth a statement of reasons for its denial of a requested classification.

■ The rationale which underlies the exhaustion doctrine is that it is most desirable to allow the Selective Service System all possible opportunities to develop a factual record, exercise its discretion and apply its expertise before the matter is reviewed by the courts. Therefore, when a registrant does not allow the System all possible opportunities to perform these functions, and when the performance of these functions would have been critical to the disposition of the registrant's case, the registrant will be precluded from obtaining judicial review of the System's determinations. See McGee v. United States, *supra*; and McKart v. United States, 395 U.S. 185, 89 S.Ct. 1657, 23 L.Ed.2d 194 (1969).

■ The rationale which underlies the rule requiring local boards to set forth statements of reasons is that written reasons are necessary to provide the registrant with a basis for meaningful appeal within the Selective Service System and review in the Courts. One of the bases for this rationale is the feeling that, absent a written statement of reasons, appeal within the Selective Service System is virtually meaningless, because since the registrant does not know the basis for the local board's decision, he

does not know in what areas his application is considered to be deficient and thus does not know in what areas he should present the appeal board with additional information.

 In attempting to reconcile these two rationales, the only logical conclusion that can be reached is that since the local board's failure to set forth a statement of reasons has rendered the appeal process within the Selective Service System virtually meaningless, a registrant should not be precluded from raising as a defense to a criminal prosecution the local board's failure to set forth a statement of reasons simply because he has failed to avail himself of that virtually meaningless appeal process. To find otherwise would be to penalize the registrant for failing to pursue a remedy which the Courts have determined would have been meaningless anyhow. This does not appear to have been the intent of the exhaustion doctrine. The exhaustion doctrine must, at the very least, stand for the proposition that only where the omitted administrative remedies would have served some useful purpose will the defendant's failure to exhaust those remedies preclude him from obtaining judicial review of the Selective Service System's determination. See McGee v. United States, *supra*; and McKart v. United States, *supra*. Therefore, since by the very definition of the defense asserted by the defendant in the instant case the omitted administrative remedies would have served no useful purpose, the defendant's failure to exhaust those remedies should not preclude him from raising that defense in the instant prosecution.

The Government, however, argues that this Court's decision in United States v. Kelley, 337 F.Supp. 865 (D.Minn.1972), requires a contrary result. In *Kelley*, this Court held that because the defendant had failed to exhaust his administrative remedies, he was precluded from raising as a defense to a criminal prosecution the fact that the local board had failed to even consider his conscientious objector application. The *Kelley* decision, however, was issued prior to the Supreme Court's decisions in *Joseph* and *Fein*, and also prior to the Eighth Circuit's decision in *Hanson*. Thus, at the time of the *Kelley* decision neither the Supreme Court nor the Eighth Circuit had recognized as valid the defense that a local board's failure to set forth a statement of reasons for its denial of a requested classification constitutes a denial of due process. Furthermore, in *Kelley* the argument asserted by the defendant in the instant case was not even presented to the Court as a possible defense. Thus, this Court does not feel that the *Kelley* decision is controlling in the instant case.

Accordingly, since the defendant in the instant case did establish a prima facie case for a conscientious objector classification, and since the local board did fail to set forth a statement of reasons for its denial of that classification, the defendant must be found not guilty of the offense charged in the Indictment. The Court finds that the defendant's failure to exhaust his administrative remedies does not preclude him from raising this argument as a defense to the instant prosecution.

Defendant's motion for judgment of acquittal is granted.